UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TERRY L. BUTLER | ) | |
| | ) | |
| v. | ) | Case No. 1:14-CV-191 |
| | ) | |
| ANDREW T. ALEXON | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

Plaintiff Terry L. Butler, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 1). Because I conclude the complaint does not set forth a claim for which relief can be granted, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550

1

U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his complaint, plaintiff alleges "Andrew T. Alexson, a human, an agent for/at TN Temple Univ, [sic] wrongly terminated me from the online doctoral/terminal PhD [sic] Leadership Program, and then interfered with my rights." (Complaint at 8). The complaint, which is fairly long at seventeen pages, quotes from cases and large portions of this District Court's local rules, but it does not allege *why* plaintiff was terminated from the doctoral program, identify what rights he asserts were infringed upon when he was terminated from the program, or identify which federal law he alleges was violated by his termination. Thus, the undersigned concludes pursuant to Fed. R. Civ. P. 12(b)(6) that plaintiff has failed to state a claim for which relief can be granted under federal law.

Further, plaintiff has failed to state facts upon which diversity jurisdiction may lie for any state law claim he may be making. In order to bring a state law claim in federal court against a defendant who is not a federal employee or a federal agency, there must be subject matter jurisdiction under 28 U.S.C. § 1332. *See Petroleum Enhancer, LLC v.* Woodward, 690 F.3d 757, 765 (6th Cir. 2012), 28 U.S.C. § 1332; *Stryker Corp.v. XL Ins. America*, 681 F.3d 806, 815 (6th Cir. 2012). Subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the

amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a)."). In his complaint, (Complaint at 3), Mr. Butler indicates that both he and the defendant are residents of Tennessee; thus, diversity of citizenship is lacking and, concomitantly, subject matter jurisdiction is also lacking.

For the reasons stated herein, it is RECOMMENDED[1] that this action be DISMISSED without prejudice and the *in forma pauperis* application be DENIED as moot.

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).